UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| WILLIAM EDWARD SMITH, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:05-CV-332 |
| | ) | (Phillips/Guyton) |
| BAYOU STEEL CORPORATION and | ) | |
| G & A ENVIRONMENTAL | ) | |
| CONTRACTORS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by Order [Doc. 44] of the Honorable Thomas W. Phillips, United States District Judge, for disposition of Plaintiff's Motion to Compel Discovery Relative to Defendant Bayou Steel Corporation [Doc. 42] and Bayou Steel's Motion for Protective Order [Doc. 43]. The undersigned held a hearing on these motions on October 18, 2006. Present on behalf of the plaintiff were attorneys Douglas Weinstein and Reid Troutman. Present on behalf of the defendant Bayou Steel Corporation ("Bayou Steel") was attorney Thomas H. Peebles, IV.

For the reasons stated by the Court on the record, and as set forth in the attached transcript, Plaintiff's Motion to Compel Discovery Relative to Defendant Bayou Steel Corporation [Doc. 42] is **GRANTED IN PART** and **DENIED IN PART**.

With respect to Bayou Steel's Motion for Protective Order [Doc. 43], the Court finds that Bayou Steel's motion is not well-taken. Bayou Steel moves to quash the Notice of 30(b)(6) Deposition propounded by the plaintiff on the grounds that Bayou Steel has fully responded to the

written discovery propounded to it in this case and that the individuals that Bayou Steel intends to designate as 30(b)(6) corporate representatives have already been deposed and have fully answered the questions posed to them related to the topics stated in the 30(b)(6) notice.

The Court finds that the plaintiff is entitled to depose the defendant's 30(b)(6) witnesses and to obtain the sworn testimony of these witnesses not just as individuals but as corporate representatives of the defendant. Accordingly, Bayou Steel's Motion for Protective Order [Doc. 43] is **DENIED**.

At the hearing, the plaintiff made an oral motion for leave to reschedule the 30(b)(6) deposition, which is currently scheduled to take place on October 19, 2006, until such time as the plaintiff has had an opportunity to review the defendant's supplemental discovery responses that have been ordered by this Court. For good cause shown, the plaintiff's oral motion for leave to reschedule the 30(b)(6) deposition is **GRANTED**. The defendant shall have until **October 25, 2006** in which to supplement its discovery responses. The 30(b)(6) deposition shall be rescheduled for a time after such discovery responses have been supplemented, and the parties are hereby instructed to notify the Court's chambers if and when the deposition is rescheduled. If the parties are unable to agree upon a rescheduled date, the parties shall bring the issue to the attention of Judge Phillips at their scheduled hearing before the District Court on October 26, 2006.

**IT IS SO ORDERED.**

**ENTER:**

    s/ H. Bruce Guyton
United States Magistrate Judge

William E. Smith vs. Bayou Steel Corp., et al.

Case No. 3:05-cv-332

(Following is the Court's bench ruling on interrogatories on October 18th, 2006:)

      THE COURT:   All right.  Then let's go through these interrogatories beginning – Like I say, just make notes so that if I miss one that's in contention or something, I say needs clarification, let me know.  Let's begin with Interrogatory No. 3.  It's going to be the ruling of the Court that the Defendant is going to have to supplement the answer to No. 3 to provide the name and addresses of each person, including experts which the Defendant claims have knowledge regarding facts related to the accident or damages claimed resulting therefrom.

      Interrogatory No. 6, the Court is going to find that the Defendant's answer to that interrogatory is adequate.  Interrogatory No. 11, the Court is going to find that the Defendant's answer to that interrogatory is adequate.

      Interrogatory No. 12, the Court is going to find that the Defendant is going to have to supplement the answer to No. 12 to provide any changes, remedial measures or anything of that nature which the Defendant has made in the physical site of the accident or the warnings or signs relating thereto.  That information is discoverable.  Its admissibility at trial, of course, to be determined later.  But it is discoverable, and the objection made to Interrogatory No. 12 by the Defendant is going to be overruled.

      Interrogatory No. 14, the Court is going to find that the Defendant will have to supplement that answer simply by stating, as requested, the name of the person or persons who conducted any investigation.

Interrogatory No. 15, the answer is, for the most part, adequate. However, there's going – the Defendant will have to either submit a privilege log or waive any objection with regard to work product. The Defendant also is going to have to, as requested, state the name or names of any person or persons who had the responsibility to inspect the grating.

Interrogatory Nos. 16 and 17, they are interrelated. The Court is going to find that these interrogatories are in the nature of contention interrogatories, that they will need to be supplemented. They will need to be answered. The Defendant is going to need to simply state its position with regard to whether the Plaintiff was on the premises in the capacity of a business invitee, licensee or trespasser; either that or state that it has no opinion or takes no stand on that issue.

This, I think, is more in the nature of a legal defense that's going to be either asserted or not asserted. It's a contention that has to be fleshed out before we get to the pretrial order in this case. So the Court is going to find that the Defendant will need to go ahead and do that at this time.

Skipping No. 18, Interrogatory No. 22, the Court is going to find that the Defendant should supplement its answer to give the date of any remodeling or repair work that was done on the premises if, in fact, any did occur. This is related to the Court's findings with regard to the remedial measures issue.

MR. PEEBLES: Your Honor, if I could ask a question there. Actually, as I look at that question, I'm not sure whether they're talking about – there was some work done in the area of this pit before this injury. I want to make sure, is this question asking remedial measure after the injury?

MR. WEINSTEIN: I think Mr. Peebles makes a good point, and the question certainly as phrased indicates any remodeling or repair work, which would be either before the occurrence at issue or subsequent to. So I'd prefer to keep it broad so that we can go ahead and get the answer and

be done with it. Obviously, Mr. Peebles, in his objection, made the assumption as to the subsequent measures taken. Frankly, in my good faith attempt at effecting disclosure, without looking too closely at the actual interrogatory, I think I took the same jump.

But it would also be, I think, informative as to whether any repair or remodeling work was done in the area where this accident happened because, as I understand it, I saw it somewhere in the materials I've looked at, that the pit area where the Plaintiff fell, I think, was built after the factory itself was built and in operation, so –

MR. PEEBLES: Well, in some of the other requests for production of documents I provided you the documentation where that was done, so you have that.

MR. WEINSTEIN: And that might be, in fact, what it was that I was looking at; and, you know, if I and Mr. Peebles can agree that whichever response to request for production applies to this particular interrogatory, that's fine. Just as long as I have something that – upon which I can rely. But at the same time I'm not sure that his responses to the requests for production apply to the – any subsequent measures taken. Did that make sense, your Honor?

THE COURT: Okay. Well, we'll agree then that the Interrogatory No. 22 is making reference to work or repairs done before and after the incident, and I will leave it up to counsel to discuss what discovery applies to before and what discovery applies to after. But it needs to be answered for before and after.

Okay. Interrogatory No. 24, the Court is going to find that the Defendant is going to have to supplement its answer with regard to No. 24. The Court reads this as basically a contention type of interrogatory and, as a result, I don't think that the Defendant is required to make – oh, what's the right word – a overly detailed answer.

5

For example, 24A is with regard to lighting. I think it would be adequate for the Defendant to simply say that it contends the lights were on or not on, something of that nature. I don't think the Defendant's required to go into issues of how many light bulbs and what wattage and the illumination and all of that. Am I reading this interrogatory correctly, counsel? This is a contention interrogatory, correct?

MR. WEINSTEIN: Essentially so, your Honor. In fact, what does the Defendant contend to be the condition.

THE COURT: Well, that's why I read it that way. All I'm saying is, I think the answer to simply say look at every deposition that's been taken is not adequate. But, on the other hand, I think the Defendant can answer Subparts 24A through F in summary fashion without a lot of detail, just so the Plaintiff will know.

For example, 24D, you've got slipperiness of walking surface. I think if the Defendant simply says it was slippery or not slippery or we don't know – it may be we don't know. I think Defendant's on record saying they're not sure how or if the accident happened or whatever, but –

MR. PEEBLES: You know, I guess I have to apologize, your Honor. When the Plaintiff's deposition was taken, he described in detail exactly what the conditions were down there, and we weren't there at the time and so it makes it –

THE COURT: Well, of course, in one way you can do – well, I'm not going to tell you how to answer. I suppose you could say we don't contest the Plaintiff's version of the events and that would settle it. But I'm not telling you how to do that. I'm just saying it needs to be supplemented with a little more information, if you have any.

MR. WEINSTEIN: Right. The goal of the exercise, your Honor, is to give me something I can hang my hat on, some information that will either raise further issues that need to be inquired into or won't.

THE COURT: Well, I haven't read the Plaintiff's deposition, so if he said it was slippery and Defendant thinks it was not, I mean, you could just say not slippery. I mean, I don't – all I'm saying is it needs to be supplemented, but in a summary fashion.

MR. WEINSTEIN: Understanding, of course, your Honor, that, as a premises liability case, the condition of the situs of the accident is – you know, that's crucial evidence, crucial information.

THE COURT: I understand.

MR. PEEBLES: But, I mean, slipperiness of the walking surface, there's more than one walking surface in that area. It's kind of hard to understand exactly what you mean.

THE COURT: Well, I'm sure they're talking about where the Plaintiff allegedly fell.

MR. WEINSTEIN: That's correct, your Honor.

THE COURT: But I'll let you all work that out. I think I just needed to give you the general ruling, and I'd say you all can work that out.

Twenty-five's off the table. Okay. Any other interrogatories which Plaintiff's counsel believes need to be addressed?

MR. WEINSTEIN: Not at this time, your Honor.

THE COURT: All right. Any other interrogatories which you think are at issue, Mr. Peebles?

MR. PEEBLES: No, your Honor. That's fine.

THE COURT: All right. Thank you, counsel. Let's turn our attention then now to this issue of this 30(b)(6) deposition.

(End of requested excerpt.)